```
Priority    ___
Send        ✓
Enter       ✓
Closed      ___
JS-5/JS-6   ✓
JS-2/JS-3   ___
Scan Only   ___
```

FILED
CLERK, U.S DISTRICT COURT
AUG 29 2001
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

ENTERED
CLERK, U.S. DISTRICT COURT
AUG 31 2001
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

THIS CONSTITUTES NOTICE OF ENTRY AS REQUIRED BY FRCP, RULE 77(d).

LODGED
2001 AUG [2:59]
CLERK, U.S. DISTRICT COURT
CENTRAL DIST. CALIF.
LOS ANGELES

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA ASSOCIATION OF HEALTH PLANS, a California Non-Profit Mutual Benefit Corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>DANIEL ZINGALE, in his capacity as DIRECTOR OF THE CALIFORNIA DEPARTMENT OF MANAGED HEALTH CARE and Does 1 through 10, inclusive,<br><br>    Defendants. | Case No. 00-06803 RSWL (Mcx)<br><br>[~~PROPOSED~~] JUDGMENT<br><br>Date:    August 27, 2001<br>Time:    9:00 a.m.<br>Courtroom:    21<br><br>✓ Docketed<br>✓ Copies / NTC Sent<br>✓ JS - 5 / JS - 6<br>___ JS - 2 / JS - 3<br>___ CLSD |

    The motion for summary judgment of Plaintiff California Association of Health Plans came on for hearing on August 27, 2001 at 9:00 a.m. in Courtroom 21 of this Court. Based on all of the evidence and papers presented, including the argument of counsel, the issues having been duly heard and a decision having been duly rendered,

    IT IS ORDERED, ADJUDGED AND DECREED as follows.

    1.    All California State standards relating to benefit requirements (including cost-sharing requirements), requirements relating to the inclusion or treatment of providers, coverage determinations (including related appeals and grievance procedures) and marketing materials as

1  they may concern health care service plans in California that participate in the Medicare +
2  Choice program are superseded by section 1856(b)(3)(B) of the Social Security Act, as amended,
3  42 U.S.C. § 1395w-26(b)(3)(B). Said State standards include the following:
4      A. State standards relating to benefit requirements (including cost-sharing
5  requirements) specifically preempted by 42 U.S.C. § 1395w-26(b)(3)(B)(i): Cal. Health &
6  Safety Code § ("HS") 1345(b)(1)-(7), 1363.01, 1367(h)-(j), 1367.05, 1367.09, 1367.2, 1367.3,
7  1367.51, 1367.54, 1367.6, 1367.61, 1367.62, 1367.63, 1367.635, 1367.64, 1367.65, 1367.66,
8  1367.665, 1367.67, 1367.68, 1367.71, 1367.8, 1367.9, 1367.11, 1367.19, 1367.20, 1367.21,
9  1367.215, 1367.22, 1367.24, 1367.25, 1368.5, 1371.4, 1371.5, 1373(b)(c)(f)(h)(j), 1373.4,
10  1373.14, 1373.96, 1373.14, 1374.5, 1374.56, 1374.7(a)(second sentence of that provision
11  only), 1374.11, 1374.12, 1374.16, 1374.72 and 1383.15; 28 C.C.R. §§ 1300.67, 1300.67.1,
12  1300.67.2, 1300.67.2.1, 1300.71.4 and ~~1300.80(b)(6)~~.
13      B. State standards relating to inclusion or treatment of providers specifically
14  preempted by 42 U.S.C. § 1395w-26(b)(3)(B)(ii): HS 1366.4(b)(d), 1367.02, 1367.69,
15  1367.695, 1371, 1371.2, 1371.35, 1373(h), 1373.3, 1373.65, 1373.7, 1373.8, 1373.9,
16  1373.11, 1373.12, 1373.13, 1373.18, 1395.5 and 1395.6, 1300.80(b)(6), 1367.10
17      C. State standards relating to coverage determinations including appeals and
18  grievances specifically preempted by 42 U.S.C. § 1395w-26(b)(3)(B)(iii): HS 1363.5, 1367.01,
19  1368, 1368.01, 1368.03, 1368.04, 1368.1, 1370.2, 1370.4, 1371.36, 1371.37, 1371.8, 1373(i),
20  1373.19, 1373.20, 1373.21, 1374.30, 1374.31, 1374.32, 1374.33, 1374.34, 1374.35 and
21  1399.55; 28 C.C.R. §§ 1300.68 and 1300.68.01, 1368.02(b), 1300.80(b)(6)(c)
22      D. State standards relating to marketing materials and summaries and schedules of
23  benefits regarding Medicare + Choice plans specifically preempted by 42 U.S.C. § 1395w-
24  26(b)(3)(B)(iv): HS 1360, 1361, 1362, 1363(a) ~~(e), (h)~~ but not (e), (f) (g), 1363.05, 1363.1, 1364, 1367.05(b),
25  ~~1367.10~~, ~~1368.02~~(b), 1372, 1373, 1383.1(a)(second sentence only), 1395(a)(g)(h), 1395.5 and
26  1395.6; 28 C.C.R. §§ 1300.61, 1300.61.3, 1300.63.1, 1300.63.2, 1300.65 and 1300.65.1.
27  (Said laws and regulations subject to preemption under 42 U.S.C. § 1395w-26(b)(3)(B) will
28  hereafter be referred to as the "Specifically Preempted Laws.")

-2-

2. The Defendant and anyone purporting to act on his behalf is hereby enjoined from enforcing or attempting to enforce any State law, regulation, order or requirement of any and all types that is subject to preemption by section 1856(b)(3) of the Social Security Act, as amended, 42 U.S.C. § 1395w-26(b)(3) including, but not limited to, the Specifically Preempted Laws.

IT IS SO ORDERED.

Dated: Aug 27, 2001

*RONALD S. W. LEW*

_____
Hon. Ronald S.W. Lew
UNITED STATES DISTRICT JUDGE

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles; I am over the age of eighteen years and not a party to the within action; my business address is: 350 South Grand, Suite 2100, Los Angeles, California 90071.

On August 13, 2001, I served the following document described as [PROPOSED] JUDGMENT on the interested parties to be noticed in said action, by mailing a true copy as follows:

> Tammy Chung Ryu
> Supervising Deputy Attorney General
> OFFICE OF THE ATTORNEY GENERAL
> 300 South Spring Street, Suite 5000
> Los Angeles, CA  90013

[ X ]  BY MAIL   I am "readily familiar" with the firm's practice for collection and processing of correspondence for mailing; under the practice it would be deposited with the United States Postal Service on the same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing an affidavit.

[ ]  BY FACSIMILE   I transmitted the foregoing document to the addressee(s) as listed on the attached Service List.

[ ]  **BY FEDERAL EXPRESS**   I am "readily familiar" with the firm's practice for collection and processing of correspondence for overnight mail/Federal Express; under the practice it is deposited in a box or other facility regularly maintained by the express service carrier, or delivered to an authorized courier or driver authorized by the express service carrier to receive documents, in an envelope or package designated by the express service carrier with delivery fees paid or provided for to the addressee(s) as listed on the attached Service List

[ ]  BY PERSONAL SERVICE   I caused the foregoing document to be hand delivered to the offices of the addresse(s) as listed on the attached Service List.

[ X ]  FEDERAL   I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____
Lynda Harrison

-4-