FILED
CLERK, U.S. DISTRICT COURT
AUG 29 2001
CENTRAL DISTRICT OF CALIFORNIA
BY           DEPUTY

LODGED
CLERK, U.S. DISTRICT COURT
MAY 25 2001
CENTRAL DISTRICT OF CALIFORNIA
BY           DEPUTY

ENTERED
CLERK, U.S. DISTRICT COURT
AUG 31 2001
CENTRAL DISTRICT OF CALIFORNIA
BY           DEPUTY

Priority   ✓
Send       ✓
Enter      ✓
Closed     ✓
JS-5/JS-6  ___
JS-2/JS-3  ___
Scan Only  ___

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CALIFORNIA ASSOCIATION OF HEALTH PLANS, a California Non-Profit Mutual Benefit Corporation,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DANIEL ZINGALE, in his capacity as DIRECTOR OF THE CALIFORNIA DEPARTMENT OF MANAGED HEALTH CARE and Does 1 through 10, inclusive,<br><br>　　　　　Defendants. | Case No. 00-06803 RSWL (Mcx)<br><br>[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT<br><br>[Filed concurrently with (i) Notice of Motion and Motion For Summary Judgment (ii) Memorandum of Points and Authorities in Support of Motion for Summary Judgment, (iii) Statement of Uncontroverted Facts and Conclusions of Law, (iv) Declarations of Peter Roan and Deborah Espinal and Exhibits thereto, (v) Stipulated Facts Re Summary Judgment, and (vi) Appendix of Preempted Laws and Regulations<br><br>Date:       June 25, 2001<br>Time:       9:00 a.m.<br>Courtroom:  21 |

✓ Docketed
✓ Copies / NTC Sent
__ JS - 5 / JS - 6
__ JS - 2 / JS - 3
✓ CLSD

Plaintiff California Association of Health Plan's Motion for Summary Judgment came on for hearing on June 25, 2001 at 9:00 a.m. in Courtroom 21 of this Court. Based on all of the evidence and papers presented, including the argument of counsel for the parties, it appears that

-1- AUG 3 1 2001

there are no material facts in dispute and that this is an appropriate case to be resolved on summary judgment pursuant to Fed. R. Civ. P. 56.

1. This is a case in which declaratory and injunctive relief under 28 U.S.C. §§ 2201-2202 is appropriate as irreparable harm is likely to result if the relief requested is not granted and it is likely that future disputes will arise based on the controversy described in the Second Amended Complaint if the relief requested is not granted.

2. All California State standards relating to benefit requirements (including cost-sharing requirements), requirements relating to the inclusion or treatment of providers, coverage determinations (including related appeals and grievance procedures) and marketing materials as they may concern health care service plans in California that participate in the Medicare + Choice program are superseded by section 1856(b)(3)(B) of the Social Security Act, as amended, 42 U.S.C. § 1395w-26(b)(3)(B). Said State standards include the following:

A. State standards relating to benefit requirements (including cost-sharing requirements) specifically preempted by 42 U.S.C. § 1395w-26(b)(3)(B)(i): Cal. Health & Safety Code § ("HS") 1345(b)(1)-(7), 1363.01, 1367(h)-(j), 1367.05, 1367.09, 1367.2, 1367.3, 1367.51, 1367.54, 1367.6, 1367.61, 1367.62, 1367.63, 1367.635, 1367.64, 1367.65, 1367.66, 1367.665, 1367.67, 1367.68, 1367.71, ~~1367.7~~, 1367.8, 1367.9, 1367.11, ~~1367.18, 1367.19~~, 1367.20, 1367.21, 1367.215, 1367.22, 1367.24, 1367.25, ~~1368.2~~, 1368.5, 1371.4, 1371.5, 1373(b)(c)(f)(h)(j), 1373.4, 1373.14, 1373.96, 1373.14, 1374.5, 1374.56, 1374.7(a)(second sentence of that provision only), 1374.11, 1374.12, 1374.16, 1374.72 and 1383.15; 28 C.C.R. §§ 1300.67, 1300.67.1, 1300.67.2, 1300.67.2.1, 1300.71.4 and 1300.80(b)(6).

B. State standards relating to inclusion or treatment of providers specifically preempted by 42 U.S.C. § 1395w-26(b)(3)(B)(ii): HS 1366.4(b)(d), 1367.02, 1367.69, 1367.695, 1371, 1371.2, 1371.35, 1373(h), 1373.3, 1373.65, 1373.7, 1373.8, 1373.9, 1373.11, 1373.12, 1373.13, 1373.18, 1395.5 and 1395.6; 28 C.C.R. §§ 1300.51(c)(H)(I) and 1300.80(b)(5), (6)(A)(B). 1367.10, 1300.80(b)(6)

C. State standards relating to coverage determinations including appeals and grievances specifically preempted by 42 U.S.C. § 1395w-26(b)(3)(B)(iii): HS 1363.5, 1367.01,

1368, 1368.01, 1368.03, 1368.04, 1368.1, 1370.2, 1370.4, 1371.36, 1371.37, 1371.8, 1373(i), 1373.19, 1373.20, 1373.21, 1374.30, 1374.31, 1374.32, 1374.33, 1374.34, 1374.35 and 1399.55; 28 C.C.R. §§ 1300.68, 1300.68.01 and 1300.80(b)(6)(C).   \ 1368.02(b)

D.  State standards relating to marketing materials and summaries and schedules of benefits regarding Medicare + Choice plans specifically preempted by 42 U.S.C. § 1395w-26(b)(3)(B)(iv): HS 1360, 1361, 1362, 1363, 1363.05, 1363.1, 1364, 1367.05(b), 1367~~.10~~, 1~~368.05~~, (1368.02(b)), 1372, 1373, 1383.1(a)(second sentence only), 1395(a)(g)(h), 1395.5 and 1395.6; 28 C.C.R. §§ 1300.61, 1300.61.3, 1300.63.1, 1300.63.2, 1300.65 and 1300.65.1. *but not (e), (F) and (g)* (Said laws and regulations subject to preemption under 42 U.S.C. § 1395w-26(b)(3)(B) will hereafter be referred to as the "Specifically Preempted Laws.")

3.  The Defendant and anyone purporting to act on his behalf is hereby enjoined from enforcing or attempting to enforce any State law, regulation, order or requirement of any and all type that is subject to preemption by section 1856(b)(3)(B) of the Social Security Act, as amended, 42 U.S.C. § 1395w-26(b)(3)(B) including, but not limited to, the Specifically Preempted Laws.

IT IS SO ORDERED.

Dated: Aug 27, 2001

*RONALD S. W. LEW*

Hon. Ronald S.W. Lew
UNITED STATES DISTRICT JUDGE

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles; I am over the age of eighteen years and not a party to the within action; my business address is: 350 South Grand, Suite 2100, Los Angeles, California 90071.

On May 25, 2001, I served the following document described as **[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT** on the interested parties to be noticed in said action, by mailing a true copy as follows:

> Tammy Chung Ryu
> Supervising Deputy Attorney General
> OFFICE OF THE ATTORNEY GENERAL
> 300 South Spring Street, Suite 5000
> Los Angeles, CA 90013

[ X ] **BY MAIL** I am "readily familiar" with the firm's practice for collection and processing of correspondence for mailing; under the practice it would be deposited with the United States Postal Service on the same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one day after date of deposit for mailing an affidavit.

[ ] **BY FACSIMILE** I transmitted the foregoing document to the addressee(s) as listed on the attached Service List.

[ ] **BY FEDERAL EXPRESS** I am "readily familiar" with the firm's practice for collection and processing of correspondence for overnight mail/Federal Express; under the practice it is deposited in a box or other facility regularly maintained by the express service carrier, or delivered to an authorized courier or driver authorized by the express service carrier to receive documents, in an envelope or package designated by the express service carrier with delivery fees paid or provided for to the addressee(s) as listed on the attached Service List

[ ] **BY PERSONAL SERVICE** I caused the foregoing document to be hand delivered to the offices of the addresse(s) as listed on the attached Service List.

[ ] **STATE** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on May ___, 2001 at Los Angeles, California.

[ X ] **FEDERAL** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____
Lynda Harrison

-4-